Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
09/16/2016 09:08 AM CDT

State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator,
v. Alan D. Martin, respondent.

___ N.W.2d ___

Filed September 16, 2016.    No. S-16-740.

Original action. Judgment of public reprimand.

Heavican, C.J., Wright, Miller-Lerman, Cassel, Stacy, Kelch, and Funke, JJ.

Per Curiam.

## INTRODUCTION

This case is before the court on the conditional admission filed by Alan D. Martin, respondent, on August 3, 2016. The court accepts respondent's conditional admission and enters an order of public reprimand.

## FACTS

Respondent was admitted to the practice of law in the State of Nebraska on July 23, 2005. At all relevant times, he was engaged in the private practice of law in Omaha, Nebraska.

On August 3, 2016, the Counsel for Discipline of the Nebraska Supreme Court filed formal charges against respondent. The formal charges consist of one count against respondent. With respect to this count, the formal charges state that in April 2012, respondent was retained by a client to legalize the immigration status of her husband, who was an undocumented individual. The clients agreed to pay $4,500 in attorney fees plus filing fees. The husband client stated on intake forms for

- 806 -

Nebraska Supreme Court Advance Sheets
294 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. MARTIN
Cite as 294 Neb. 805

respondent that he was "'EWI,'" which means "entered with-
out inspection," and "'undocumented.'"

On April 15, 2013, respondent filed the following forms
with the Department of Homeland Security (the Department)
on behalf of the clients: I-130, "Petition for Alien Relative";
I-485, "Application to Register Permanent Residence or Adjust
Status by Applicant"; and I-765, "Application for Employment
Authorization." Respondent also filed form G-28, "Notice of
Entry of Appearance as Attorney or Accredited Representative."
All the forms were signed by respondent.

According to the formal charges, in order to be eligible for
an adjustment of status pursuant to the I-485 application, "an
alien must: a. [b]e physically present in the United States;
b. [h]ave an approved immigration petition (I-130); [and]
c. [m]ust not have entered the United States illegally."

On May 8, 2013, the Department issued a request for ini-
tial evidence of eligibility to file the I-485 application for
the husband client. The request was for evidence of lawful
admission or parole into the United States, as well as tax
returns and medical information. On July 30, respondent sub-
mitted additional information to the Department pursuant to the
Department's request.

On August 13, 2013, form I-130, "Petition for Alien
Relative," for the husband client was approved. On August 23,
the I-485 adjustment of status application was denied because
the evidence submitted was not sufficient to establish his eli-
gibility for the benefit sought. Specifically, the husband client
had failed to submit evidence of lawful admission or parole
into the United States or eligibility for an adjustment of status.
On August 23, respondent notified the clients that the I-130
form was approved and that the scope of his representation
was completed.

According to the formal charges, in a letter from respond-
ent to the Counsel for Discipline dated September 11, 2014,
respondent stated that the clients brought the I-485 form to his
office and represented that the husband client was qualified

- 807 -

Nebraska Supreme Court Advance Sheets
294 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. MARTIN
Cite as 294 Neb. 805

to file the I-485 form, that he did not know of the husband client's ineligibility to apply for a legal immigration status, and that he failed to properly see and review the document that was brought in by the husband client.

In a letter from respondent to the Counsel for Discipline dated February 17, 2016, respondent stated that he was led to believe that his paralegal was competent in immigration applications and that all respondent needed to do was to review the documents and procedures for his signatures. Respondent stated that his paralegal prepared all of the immigration forms regarding the husband client for respondent's review and signature.

Respondent further stated in his February 17, 2016, letter that between approximately August 2007 and March 2009, respondent closed his practice due to illness. When he reopened his practice, respondent reported that he was very weak and heavily medicated. After respondent had surgery in July 2012, he began to regain his health and no longer required medication.

Respondent also stated in his February 17, 2016, letter that he relied heavily on his paralegal to facilitate intake interviews, but that respondent made all of the decisions for the clients, predicated in part on information provided by his paralegal. Respondent stated in the letter that he knew the husband client would have difficulty qualifying for an I-485 adjustment of status, but respondent believed there were alternative means by which an adjustment of status could be approved.

Respondent went on to state in his February 17, 2016, letter that respondent was not involved in every conversation between his paralegal and the clients, but he claims that his paralegal told him that the clients wanted to proceed with the I-485 application. Respondent relied on comments by his paralegal that other immigration lawyers often filed documents hoping that the Department would approve the documents, without necessarily believing it would. Respondent stated

- 808 -

Nebraska Supreme Court Advance Sheets
294 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. MARTIN
Cite as 294 Neb. 805

that he could not say for certain whether the requested additional information was provided to the Department, because respondent stated that "'this period is hazy in my recollection due to my medical condition.'"

Respondent stated in his February 17, 2016, letter that his responsibility in the matter was his reliance on an experienced paralegal's assertion that the husband client was eligible for an adjustment of status. Respondent stated that he signed the forms believing what he was told by his paralegal.

The formal charges state that respondent failed to do any independent research to determine whether the husband client was eligible for an I-485 adjustment of status.

The formal charges allege that by his actions, respondent violated his oath of office as an attorney, Neb. Rev. Stat. § 7-104 (Reissue 2012), and Neb. Ct. R. of Prof. Cond. §§ 3-501.1 (competence); 3-501.5(a)(1), (4), and (7) (fees); 3-502.1 (advisor); and § 3-508.4(a) and (c) (misconduct).

On August 3, 2016, respondent filed a conditional admission pursuant to Neb. Ct. R. § 3-313 of the disciplinary rules, in which he conditionally admitted that he violated his oath of office as an attorney and professional conduct rules §§ 3-501.1, 3-501.5, 3-502.1, and 3-508.4. In the conditional admission, respondent knowingly does not challenge or contest the truth of the matters conditionally asserted and waived all proceedings against him in connection therewith in exchange for a public reprimand.

The proposed conditional admission included a declaration by the Counsel for Discipline, stating that respondent's proposed discipline is appropriate under the facts of this case.

## ANALYSIS

Section 3-313, which is a component of our rules governing procedures regarding attorney discipline, provides in pertinent part:

> (B) At any time after the Clerk has entered a Formal Charge against a Respondent on the docket of the Court,

- 809 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
294 NEBRASKA REPORTS
STATE EX REL. COUNSEL FOR DIS. v. MARTIN
Cite as 294 Neb. 805

the Respondent may file with the Clerk a conditional admission of the Formal Charge in exchange for a stated form of consent judgment of discipline as to all or part of the Formal Charge pending against him or her as determined to be appropriate by the Counsel for Discipline or any member appointed to prosecute on behalf of the Counsel for Discipline; such conditional admission is subject to approval by the Court. The conditional admission shall include a written statement that the Respondent knowingly admits or knowingly does not challenge or contest the truth of the matter or matters conditionally admitted and waives all proceedings against him or her in connection therewith. If a tendered conditional admission is not finally approved as above provided, it may not be used as evidence against the Respondent in any way.

Pursuant to § 3-313, and given the conditional admission, we find that respondent knowingly does not challenge or contest the matters conditionally admitted. We further determine that by his conduct, respondent violated conduct rules §§ 3-501.1, 3-501.5, 3-502.1, and 3-508.4, and his oath of office as an attorney licensed to practice law in the State of Nebraska. Respondent has waived all additional proceedings against him in connection herewith. Upon due consideration, the court approves the conditional admission and enters the orders as indicated below.

## CONCLUSION

Respondent is publicly reprimanded. Respondent is directed to pay costs and expenses in accordance with Neb. Ct. R. §§ 3-310(P) (rev. 2014) and 3-323 of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF PUBLIC REPRIMAND.