*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DURGA PROPERTY HOLDINGS, INC.,

        Plaintiff-Appellee,

v

HOLIDAY PARK REALTY, LLC,

        Defendant,

and

IGAL NAMDAR and NAMDAR REALTY
GROUP, LLC,

        Defendants-Appellants.

UNPUBLISHED
March 24, 2020

No. 347698
Ingham Circuit Court
LC No. 18-000376-CB

Before: O'BRIEN, P.J., and JANSEN and GLEICHER, JJ.

PER CURIAM.

Defendant, Namdar Realty Group, LLC[1], appeals as of right the stipulated order dismissing Igal Namdar, in his personal capacity, as a defendant, and closing this case under MCR 2.602(A)(3). Defendant also challenges the entry of a default judgment against "Igal Namdar, d/b/a Namdar Realty Group" and Igal Namdar in his individual capacity, and a subsequent order amending the judgment to include to Namdar Realty Group, LLC. We reverse, vacate the default judgment against defendant, as well as the damage award of $243,108.04, and remand for proceedings consistent with this opinion.

---

[1] Defendant Holiday Park Realty, LLC is not a participant in this appeal. Defendant Igal Namdar, although a named appellant, was dismissed from the litigation by stipulation of the parties. Accordingly, the term "defendant" as used in this opinion refers solely to Namdar Realty Group, LLC, unless otherwise specified.

# I. FACTUAL BACKGROUND

This case arises from the sale of commercial property in Lansing, Michigan. Plaintiff, Durga Property Holdings, Inc., submitted the winning bid on commercial properties being sold by Holiday Park Realty, LLC, a Michigan limited liability company. Igal Namdar signed the contracts for the sale of the property as Holiday Park Realty's managing member. Plaintiff alleges that defendant Namdar Realty Group, LLC was the property management company for Holiday Park Realty. After the sale, Namdar Realty Group, LLC continued to solicit and collect rent payments from tenants on plaintiff's property. These payments amounted to $77,356.19. Plaintiff attempted to execute a novation agreement with Holiday Park Realty for the return of the funds, but Holiday Park Realty refused.

Plaintiff filed suit, naming as defendants Holiday Park Realty, Igal Namdar, and "Igal Namdar, d/b/a Namdar Realty Group." The complaint alleged breach of contract, conversion, and fraud against Holiday Park Realty, and mentioned "Igal Namdar, d/b/a Namdar Realty Group" only under the count of fraud. Plaintiff had a copy of the complaint served on Namdar Realty Group, LLC's receptionist in New York; Igal Namdar was not personally served. Defendant's in-house counsel, Joshua S. Hackman, began corresponding with plaintiff's counsel via e-mail. He stated that he represented the named defendants and that his clients would be willing to return the wrongfully acquired checks if plaintiff agreed to settle the litigation. The parties corresponded for two months with Hackman continuously seeking settlement. However, no agreement was ever reached.

On July 16, 2018, the circuit court entered a default against defendants Holiday Park Realty, Igal Namdar, and "Igal Namdar, d/b/a Namdar Realty Group." Hackman e-mailed plaintiff's counsel and asked why he was sent a motion for default, noting that he thought they were resolving the issue and that counsel's decision to pursue a default despite the negotiations was unprofessional. On August 8, 2018, the circuit court entered a default judgment in favor of plaintiff for a total of $243,108.04 for damages plus costs, including treble damages for conversion. A handwritten notation in the judgment indicated that the judgment applied only "[a]s to Igal Namdar and Namdar Realty Group."

On August 27, 2018, Alexander S. Rusek filed an appearance as counsel for Holiday Park Realty and Igal Namdar and noted that Igal Namdar does not do business as "Igal Namdar d/b/a Namdar Realty Group." Rusek filed a motion to set aside the default judgment and the circuit court agreed that it lacked personal jurisdiction over Igal Namdar. The circuit court set aside the default judgment as to Igal Namdar in his personal capacity and Igal Namdar was later dismissed as a defendant by stipulation. However, after a hearing on defendant's motion to set aside the default judgment, the circuit court determined that the designation of "Igal Namdar, d/b/a Namdar Realty Group" as a defendant was a clerical error. Acting sua sponte, the circuit court amended the default judgment to reflect Namdar Realty Group, LLC as the true defendant. Defendant filed a motion for reconsideration, which was denied. This appeal followed.

# II. STANDARD OF REVIEW

We review for abuse of discretion a trial court's decision regarding a motion to set aside a default judgment and a motion for reconsideration. *Shawl v Spence Bros, Inc*, 280 Mich App 213,

218; 760 NW2d 674 (2008). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). "[A]lthough the law favors the determination of claims on the merits, it also has been said that the policy of this state is generally against setting aside defaults and default judgments that have been properly entered." *Alken-Ziegler, Inc v Waterbury Headers Corp*, 461 Mich 219, 229; 600 NW2d 638 (1999) (citation omitted). We also review for abuse of discretion the decision to award treble damages, *Aroma Wines & Equip, Inc v Columbian Distribution Servs, Inc*, 303 Mich App 441, 449; 884 NW2d 727 (2013), and a trial court's decision to amend a clerical error, MCR 2.612(A)(1).

## III. ANALYSIS

Defendant argues that the circuit court abused its discretion by failing to set aside the default judgment against it. We agree.

Defendant moved to set aside the default judgment under MRE 2.603(D)(1), which provides:

> A motion to set aside a default or a default judgment, except when grounded on lack of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed.

The Michigan "court rules do not address the proper manner of service on a limited liability company" like defendant. *Bullington v Corbell*, 293 Mich App 549, 558; 809 NW2d 657 (2011). "However, MCR 2.105(H)(1) generally permits service of process on 'an agent authorized by written appointment or by law to receive service of process.' " *Id*.

Here, the trial court did not have personal jurisdiction over defendant because service of process was never affected, therefore defendant's motion to set aside the default judgment should have been granted. Not only was defendant not named as a defendant in plaintiff's complaint, but a copy of the summons and complaint was not served on an authorized agent. Instead, a copy of the summons and complaint was left with defendant's secretary at its office. Nothing in the record before us indicates that this secretary was an agent authorized to accept service. There cannot be personal jurisdiction without service of process, and there was no service of process upon the defendant against whom the default judgment was entered. The trial court abused its discretion by failing to set aside the default judgment.

The trial court further abused its discretion by sua sponte amending the default judgment to reflect defendant's correct name, and by awarding plaintiff treble damages. That defendant was not properly named in the complaint was not a mere clerical error, and thus the trial court lacked authority to simply amend the default judgment under MCR 2.612(A)(1).

Additionally, plaintiff failed to allege in its complaint that defendant was liable for conversion, thereby precluding itself from recovering treble damages from defendant.[2] See *Nyman*

---

[2] Plaintiff only alleged that Holiday Park Realty, LLC was liable for conversion.

*v Thomson Reuters Holdings, Inc*, ___ Mich App ___, ___; ___ NW2d ___ (2019) (Docket No. 344213); slip op at 5, where this Court concluded that courts are "not permitted to graft onto a pleading allegations a party has not made."[3] Accordingly, we must vacate the award of $243,108.04.

We reverse, vacate the default judgment against defendant, as well as the damage award of $243,108.04, and remand for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Kathleen Jansen
/s/ Elizabeth L. Gleicher

---

[3] Plaintiff's complaint fails to properly identify defendant, and fails to allege defendant was liable for conversion. On remand, if plaintiff wishes to proceed against defendant, the proper recourse is for plaintiff to seek leave to amend its complaint under MCR 2.118(A).