BULLINGTON v CORBELL

Docket No. 297665. Submitted July 12, 2011, at Detroit. Decided August
16, 2011, at 9:05 a.m.

Derek Bullington brought a premises liability action in the Wayne
Circuit Court against Craig Corbell, Hunter Homes, Inc., and
ChrisJack Properties, L.L.C. Corbell was the resident agent for the
corporate defendants. Plaintiff's counsel attempted to serve the
defendants by certified mail at an address that did not match the
registered addresses for the corporate defendants, but instead
appeared to be Corbell's previous personal residence. The mail was
refused and returned to plaintiff's counsel, who then moved for
alternate service. The court, Gershwin A. Drain, J., granted the
motion for alternate service and subsequently entered a default
judgment. Defendants then appeared and moved to set aside the
default judgment and for relief from the judgment, asserting that
they had not received actual or constructive notice of the lawsuit
and setting forth defenses to plaintiff's claim. The court denied
defendants' motions. Defendants appealed.

The Court of Appeals *held*:

1. MCR 2.612(B) authorizes a court to relieve a party from a
default judgment if (1) personal jurisdiction over defendants was
necessary and acquired, (2) defendants in fact had no knowledge of
the action pending against them, (3) defendants entered an appear-
ance within one year after the final judgment, (4) defendants show a
reason justifying relief from the judgment, and (5) granting defen-
dants relief from the judgment will not prejudice innocent third
persons. The parties disputed whether defendants had actual knowl-
edge of the action and demonstrated a reason justifying relief from
the judgment. With regard to defendants' knowledge of the action,
the court rules permit service on an individual by registered or
certified mail, return receipt requested, and delivery restricted to the
addressee. In violation of the court rule, the certified mail envelope
used in this case did not restrict delivery to Corbell. Thus, no evidence
existed that it was Corbell who refused receipt of the certified letter.
With regard to the corporate defendants, the court rules do not
contemplate that a plaintiff may use certified mail as an initial form
of service on corporate defendants. Thus, as a matter of law, plain-

tiff's attempted service on Hunter Homes and ChrisJack Properties was also insufficient. Moreover, even if plaintiff's initial efforts to serve process had satisfied the court rules, the circuit court abused its discretion by permitting alternate service when plaintiff failed to provide information substantiating that he could not have personally served Corbell and that he had made diligent inquiry to ascertain defendants' correct addresses. Because plaintiff failed to abide by the service of process procedures outlined in the court rules, defendants lacked actual knowledge of the lawsuit until after the default judgment entered. The existence of a meritorious defense can constitute a reason justifying relief from judgment. In this case, in their motion for relief from the judgment, defendants asserted three defenses to plaintiff's claim, including that the alleged stairway defect was open and obvious. Although the circuit court acknowledged that a photograph showed the stairs to be in obvious disrepair, it denied relief. But contrary to the circuit court's conclusion, the evidence and arguments advanced by defendants demonstrated the existence of at least one meritorious defense and constituted a reason justifying relief from the judgment. Thus, the circuit court abused its discretion by denying defendants' motion for relief from the judgment.

2. Under MCR 2.603, a default judgment may also be set aside if good cause is shown and an affidavit of facts showing a meritorious defense has been filed. The good cause requirement may be satisfied by demonstrating a procedural irregularity or defect. In this case, plaintiff failed to comply with the procedures requisite for entry of a default or default judgment by failing to file an affidavit or other proof indicating that service had actually been made and by failing to give notice of the request for a default judgment. Accordingly, defendants were also entitled to relief under MCR 2.603.

Default judgment vacated and case remanded.

1. JUDGMENTS — DEFAULT JUDGMENTS — RELIEF FROM JUDGMENTS.

A court may relieve a party from a default judgment if (1) personal jurisdiction over defendants was necessary and acquired, (2) defendants in fact had no knowledge of the action pending against them, (3) defendants entered an appearance within one year after the final judgment, (4) defendants show a reason justifying relief from the judgment, and (5) granting defendants relief from the judgment will not prejudice innocent third persons (MCR 2.612).

2. JUDGMENTS — DEFAULT JUDGMENTS — RELIEF FROM JUDGMENTS.

A default judgment may be set aside if good cause is shown and an affidavit of facts showing a meritorious defense has been filed; the

good cause requirement may be satisfied by demonstrating a procedural irregularity or defect (MCR 2.603).

*Law Offices of Dennis G. Vatsis, P.C.* (by *Dennis G. Vatsis*), for plaintiff.

*Kickham Hanley PLLC* (by *Timothy O. McMahon*) for defendants.

Before: TALBOT, P.J., and HOEKSTRA and GLEICHER, JJ.

GLEICHER, J. This garden variety premises liability suit presents a plethora of complicated procedural problems. But at its core, this is simply a case about notice and whether plaintiff's service of process efforts sufficed to inform defendants that they had been sued. Because defendants had no knowledge of the action pending against them until entry of a default judgment resulted in the seizure of their property, we vacate the default judgment and remand for further proceedings.

I. FACTS AND PROCEEDINGS

On December 11, 2009, plaintiff Derek Bullington filed in the Wayne Circuit Court a complaint naming as defendants Craig Corbell, Hunter Homes, Inc. and ChrisJack Properties, L.L.C., doing business as Hunter Homes Rentals. Plaintiff's complaint asserted that when he exited "the rear door-wall" of a home he rented from defendants, he fell from "an improperly constructed and maintained staircase" and suffered serious injuries. According to the complaint, defendants "own, operate, control, manage and lease" the subject property, and allowed the staircase to fall into disrepair.

When plaintiff filed his lawsuit, the clerk of the Wayne Circuit Court issued one or several summonses for plaintiff to use when serving the complaint on

defendants as required by MCR 2.102(A). Copies of the summonses are missing from the record provided to this Court.[1] Lacking copies of the summonses, we cannot ascertain the address plaintiff supplied to the clerk as belonging to the resident agent for the two corporate defendants, Hunter Homes, Inc. and Chris-Jack Properties. The state of Michigan maintains a publicly accessible website permitting any user to easily identify a corporation's resident agent, and the resident agent's address. According to the website, now managed by the Department of Licensing and Regulatory Affairs, Corbell has served as the resident agent for both Hunter Homes, Inc. and ChrisJack Properties since 1993. When this suit was filed and continuing through the present, both corporate entities claimed a corporate address of 3941 Telegraph Road, Suite 207, in Bloomfield Hills.[2]

Plaintiff's counsel, Dennis Vatsis, elected to serve all three defendants by certified mail at a single address on West Pemberton in Bloomfield Hills.[3] From our review of the record, it appears that Vatsis failed to file an affidavit of mailing with the court, or copies of the

[1] A number of other documents and pleadings also seem to be missing. The registry of actions denotes that plaintiff filed certain pleadings that simply do not appear in the record. The parties have supplied this Court with some of the missing materials. The poor condition of the circuit court record has unnecessarily complicated this Court's review.

[2] See Department of Licensing and Regulatory Affairs, Corporate Entity Details <http://www.dleg.state.mi.us/bcs_corp/dt_corp.asp?_nbr=000073&name_entity=HUNTER%20HOMES,%20INC> (accessed August 15, 2011); Department of Licensing and Regulatory Affairs, Corporate Entity Details <http://www.dleg.state.mi.us/bcs_corp/dt_llc.asp?id_nbr=B70054&name_entity=CHRISJACK%20PROPERTIES%20LLC> (accessed August 15, 2011).

[3] Judging from various documents attached to plaintiff's brief on appeal, it appears that the Pemberton address was previously Corbell's personal residence.

certified mail return receipts. With his appellate brief, Vatsis provided this Court with a copy of the envelope containing the process he mailed to defendants. The envelope is marked "CERTIFIED MAIL" and bears the following address:

> Mr. Craig Corbell /
> Hunter Homes, Inc./
> ChrisJack Properties, LLC,
> d/b/a Hunter Homes Rental
> 3711 W. Pemberton
> Bloomfield Hills, MI 48302

On December 18, 2009, the United States Postal Service marked the envelope as follows:

> RETURN TO SENDER
> REFUSED
> UNABLE TO FORWARD

A mere 11 days after filing suit, Vatsis filed with the circuit court a form "Motion and Verification for Alternate Service." The motion identifies the home and business addresses of all three defendants as 3711 West Pemberton in Bloomfield Hills, and avers: "A Summons and Complaint were served by Certified Mail, Return Receipt Requested, on December 11, 2009. Defendants refused service and certified mail was returned." Vatsis signed the form as the "process server." The next day, Wayne Circuit Court Judge Gershwin Drain signed an order permitting alternate service by first class mail, "[t]acking or firmly affixing to the door," or delivery at the Pemberton address.

The record does not include a proof of service substantiating that plaintiff attempted alternate service on defendants in accordance with the circuit court's order. On February 19, 2010, Vatsis filed a "Notice of Entry of Default Judgment." The record also lacks any evidence

that plaintiff attempted to serve defendants with notice that he intended to seek entry of a default judgment. The next documents in the circuit court record are a February 19, 2010 preaecipe order for entry of default judgment signed by Judge Drain, and a judgment in the amount of $200,186.42.

Counsel for defendants appeared on March 9, 2010, and promptly filed motions to set aside the default judgment and for relief from judgment pursuant to MCR 2.612(B). Defendants challenged the order for alternate service, asserting that they had not received actual or constructive notice of the lawsuit and set forth defenses to plaintiff's claim. Defendant Corbell averred in an affidavit that the door through which plaintiff exited the premises "would have been disabled from use by the placement of a wood block." Defendants' counsel contended that Corbell did not personally own the leased premises, and supplied the circuit court with a copy of plaintiff's lease agreement identifying plaintiff's landlord as "hunter homes rental." Defendants further claimed that "the staircase and its condition were open and obvious." Judge Drain denied defendants' motions, stating: "I don't believe there's a meritorious defense here, and so I'm denying the motion. That's my decision."

## II. ANALYSIS

We review de novo issues of statutory and court rule application. *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008). "We review for an abuse of discretion a circuit court's ultimate decision to grant or deny relief from a judgment." *Rose v Rose*, 289 Mich App 45, 49; 795 NW2d 611 (2010). The abuse of discretion standard also governs our review of rulings on motions to set

aside default judgments. *Alken-Ziegler, Inc v Waterbury Headers Corp*, 461 Mich 219, 227; 600 NW2d 638 (1999).

The record establishes that because plaintiff failed to abide by the service of process procedures outlined in the court rules, defendants lacked actual knowledge of this lawsuit until after the default judgment entered. Defendants also demonstrated "reason justifying relief from the judgment" by propounding credible defenses. MCR 2.612(B). Accordingly, we hold that the circuit court abused its discretion by denying defendants' motion for relief from the judgment.

Deficient notice of a pending claim constitutes a ground for relief from judgment pursuant to MCR 2.612(B):

> A defendant over whom personal jurisdiction was necessary and acquired, but who did not in fact have knowledge of the pendency of the action, may enter an appearance within 1 year after final judgment, and if the defendant shows reason justifying relief from the judgment and innocent third persons will not be prejudiced, the court may relieve the defendant from the judgment, order, or proceedings for which personal jurisdiction was necessary, on payment of costs or on conditions the court deems just.

Our Supreme Court recently explained that MCR 2.612(B) authorizes a court to relieve a party from a final judgment, including a default judgment, if

> (1) personal jurisdiction over defendants was necessary and acquired, (2) defendants in fact had no knowledge of the action pending against them, (3) defendants entered an appearance within one year after the final judgment, (4) defendants show a reason justifying relief from the judgment, and (5) granting defendants relief from the judgment will not prejudice innocent third persons. [*Lawrence M Clarke, Inc v Richco Constr, Inc*, 489 Mich 265, 273; 803 NW2d 151 (2011).]

The parties dispute only whether defendants had actual knowledge of the action and demonstrated a reason justifying relief from the judgment.[4]

### A. DEFENDANTS' KNOWLEDGE OF THE ACTION

Defendants contend that the circuit court abused its discretion by permitting alternate service at the Pemberton address, and claim that they never received notice of the plaintiff's lawsuit. We consider this argument bearing in mind that "[t]he fundamental requisite of due process of law is the opportunity to be heard. . . . This right to be heard has little reality or worth unless one is informed that the matter is pending . . . ." *Id.* at 274, quoting *Mullane v Central Hanover Bank & Trust Co*, 339 US 306, 314; 70 S Ct 652; 94 L Ed 865 (1950).

The court rule governing the manner to serve process, MCR 2.105, describes various methods of service. Generally, the rule organizes the service of process choices according to the individual or corporate nature of the defendant. The methods described in the rule "are intended to satisfy the due process requirement that a defendant be informed of an action by the best means available under the circumstances." MCR 2.105(J)(1). Compliance with the court rules fulfills the constitutional requirement of "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 US at 314.

---

[4] As our Supreme Court did in *Clarke*, 489 Mich at 275, "we assume arguendo that the trial court acquired personal jurisdiction over defendants because we conclude that defendants are entitled to relief under MCR 2.612(B) and" because we need not reach the constitutional issue of jurisdiction to decide this appeal.

We first consider plaintiff's employment of certified mail as a service of process tool. MCR 2.105(A)(2) permits service on an individual such as Corbell by

> sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, *and delivery restricted to the addressee.* Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2). [Emphasis added.]

The certified mail envelope holding the summons and complaint in this case did not restrict delivery to Corbell. Although someone at the Pemberton address refused to acknowledge receipt of the certified letter, no evidence exists that *Corbell* refused it. By restricting delivery to a specifically identified person, the court rule avoids disputes about whether a *defendant* has deliberately refused service. Thus, plaintiff's decision to attempt certified mail service on Corbell without restricting delivery to Corbell violated MCR 2.105(A)(2).

We next turn our attention to plaintiff's use of certified mail to serve process on the corporate entity defendants. With regard to private corporations, the court rules require personal service on an officer, registered agent, director, trustee, or person in charge of an office or business establishment. MCR 2.105(D)(1) and (2). If service is made by serving a summons and copy of the complaint on a director, trustee, or person in charge of an office or business establishment, the plaintiff must also send a summons and complaint "by registered mail, addressed to the principal office of the corporation." MCR 2.105(D)(2). A plaintiff may employ registered mail to serve process when a corporation "has failed to appoint and maintain a registered

agent . . . ." MCR 2.105(D)(4)(a). Nothing in the record supports that Hunter Homes failed to appoint or maintain a registered agent.

The court rules do not address the proper manner of service on a limited liability company such as ChrisJack Properties. However, MCR 2.105(H)(1) generally permits service of process on "an agent authorized by written appointment or by law to receive service of process." "The resident agent appointed by a limited liability company is an agent of the company upon whom any process, notice, or demand required or permitted by law to be served upon the company may be served." MCL 450.4207(2). The court rules simply do not contemplate that a plaintiff may use certified mail as an initial form of service on corporate entities of any kind. Thus, as a matter of law, plaintiff insufficiently served Hunter Homes, Inc. and ChrisJack Properties by sending process through certified mail.

The court rules allow for substituted service "[o]n a showing that service of process cannot reasonably be made as provided by this rule . . . ." MCR 2.105(I)(1). Plaintiff failed to demonstrate that he could not reasonably serve defendants in a manner that complied with the court rules. Accordingly, no factual basis supported the circuit court's order for substituted service.

Even assuming that plaintiff's initial efforts to serve process satisfied the court rules, the circuit court abused its discretion by permitting alternate service by regular mail at the Pemberton address. MCR 2.105(I)(2) provides that a motion seeking substituted service

> must set forth sufficient facts to show that process *cannot be served under this rule* and must state the defendant's address or last known address, or that no address of the defendant is known. If the name or present address of the

> defendant is unknown, the moving party must set forth
> facts showing diligent inquiry to ascertain it. [Emphasis
> added.]

Plaintiff failed to provide the circuit court with any
information substantiating that it could not have per-
sonally served Corbell. Plaintiff's motion for alternate
service stated that service had been refused at the
Pemberton address and indicated that this was defen-
dants' last known address. Plaintiff completely failed to
allege that he actually did not know defendants' ad-
dresses or that he had made a "diligent inquiry to
ascertain" defendants' correct addresses. *Id.* In fact,
had plaintiff conducted even minimal research, defen-
dants' addresses would have been easily discovered. At
the time this suit was filed, the Department of Labor
and Economic Growth maintained the public website on
which plaintiff could have discovered the corporate
defendants' shared address on Telegraph Road. The
lease agreement, which plaintiff personally signed, in-
cludes the Telegraph Road address. Further, plaintiff
presented this Court with various City of Livonia docu-
ments regarding code violations on the subject property,
all identifying Corbell's address as being on Telegraph
Road.

The limited information available to the circuit court
insufficiently demonstrated defendants' connection to
the Pemberton address, and fell well short of establish-
ing any reasonable likelihood that the use of regular
mail would notify all three defendants of the pending
claim. "A truly diligent search for an absentee defen-
dant is absolutely necessary to supply a fair foundation
for and legitimacy to the ordering of substituted service.
'[W]hen notice is a person's due, process which is a
mere gesture is not due process.' " *Krueger v Williams*,
410 Mich 144, 168; 300 NW2d 910 (1981), quoting

*Mullane,* 339 US at 315 (alteration in original). Because plaintiff's motion for alternate service lacked any allegations supporting an inability to serve Corbell or the corporate defendants by one of the standard service techniques, the circuit court abused its discretion by ordering substituted service. Accordingly, defendants have satisfactorily shown that they lacked actual knowledge of plaintiff's lawsuit.

### B. MERITORIOUS DEFENSE

In their motion to set aside the default, defendants identified several defenses to plaintiff's claim, including (1) Corbell's lack of ownership of the premises, (2) the open and obvious nature of the alleged stairway defect, and (3) the door leading to the stairway had been blocked to prevent its use. In denying defendants' motion to set aside the default, the circuit court observed that from a photograph, the stairs "looked like they were just propped up." The open and obvious danger doctrine arguably affords defendants with a complete defense to this premises liability claim. Corbell's affidavit and the arguments advanced by defendants demonstrate the existence of at least one meritorious defense, and constitute a "reason justifying relief from the judgment . . . ." MCR 2.612(B); *Clarke,* 489 Mich at 273.

### C. DEFAULT JUDGMENT PROCEDURE

Defendants contend that procedural irregularities surrounding the circuit court's entry of default judgment provide an additional ground for setting it aside. Pursuant to MCR 2.603(D)(1), "[a] motion to set aside a default or a default judgment . . . shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed." "The good cause require-

ment . . . may be satisfied by demonstrating a procedural irregularity or defect or a reasonable excuse for failing to comply with the requirements that led to the default judgment." *ISB Sales Co v Dave's Cakes*, 258 Mich App 520, 533; 672 NW2d 181 (2003), citing *Alken-Ziegler*, 461 Mich 219. We choose to briefly address this issue despite our holding that a separate court rule, MCR 2.612, compels relief from the default judgment.

After the circuit court entered the order permitting alternate service, plaintiff failed to file with the court an affidavit or proof that service had actually been made. Nevertheless, the circuit court proceeded to simultaneously enter a default and a default judgment. MCR 2.104 sets forth various methods for making proof of service. Service of process by regular mail, as ordered here, requires proof of service by affidavit, "attach[ing] a copy of the order as mailed, and a return receipt." MCR 2.106(G)(3). In the absence of a proof of service, the circuit court erred by entering a default judgment.[5]

Furthermore, the circuit court failed to follow the default judgment procedures set forth in MCR 2.603. "If a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, and that fact is made to appear by affidavit or otherwise, the clerk must enter the default of that party." MCR 2.603(A)(1). The circuit court record lacks any indication that the clerk entered defendants' default. MCR 2.603(B)(1)(a)(iii) provides that if the pleadings do not state a specific amount demanded, a party seeking a default judgment must notify the defaulted party of the request for a default

---

[5] Given the horrendous state of the circuit court record, we recognize that plaintiff may have filed a proof of service that never made it to the file, was removed from the file, or lost.

judgment. "The notice required by this subrule must be served at least 7 days before entry of the requested default judgment." MCR 2.603(B)(1)(b). No evidence exists that defendants received notice of plaintiff's intent to seek a default judgment. Failure to give the notice required by MCR 2.603 invalidates the judgment. *Gavulic v Boyer*, 195 Mich App 20, 25; 489 NW2d 124 (1992), overruled on other grounds by *Allied Electric Supply Co, Inc v Tenaglia*, 461 Mich 285 (1999). Accordingly, defendants would be entitled to relief under MCR 2.603 as well.

Default judgment vacated and case remanded for further proceedings. We do not retain jurisdiction.

TALBOT, P.J., and HOEKSTRA, J., concurred with GLEICHER, J.