# STATE OF MICHIGAN

# COURT OF APPEALS

DENNIS BASSETT,

  Plaintiff-Appellant,

v

JESSIE MARIE HARDIN,

  Defendant,

and

AFFIRMATIVE INSURANCE SERVICES,

  Defendant-Appellee.

UNPUBLISHED
March 19, 2015

No.  320267
Oakland Circuit Court
LC No.  2010-112534-NI

Before:  BOONSTRA, P.J., and SAWYER and O'CONNELL, JJ.

BOONSTRA, J. (*concurring*).

I concur in the majority opinion.

I write separately to emphasize that this entire ordeal could easily have been avoided, if plaintiff's counsel had simply complied with the court rules.  Plaintiff's counsel repeatedly failed to serve defendant Affirmative Insurance Services (Affirmative) in the manner required by MCR 2.105(D).  See also *Bullington v Corbell*, 293 Mich App 549, 558; 809 NW2d 657 (2011) ("With regard to private corporations, the court rules require personal service on an officer, registered agent, director, trustee, *or* person in charge of an office or business establishment.").  So, now, having failed to effect service properly under the court rules, plaintiff is left to rely on the court rules' own seeming lack of teeth, since they also provide a potential escape clause.  See MCR 2.105(J) ("An action shall not be dismissed for improper service of process unless the service failed to inform the defendant of the action within the time provided in these rules for service.").

The net result is that the parties and the courts are required to haggle over, attempt to ascertain, and ultimately to determine, whether whatever individual(s) may have received the fruits of plaintiff's improper service did so in some capacity related to Affirmative, whether they were in a position at that time to effectively deem Affirmative as having received them, and whether the entirety of the circumstances make it appropriate to conclude that the "service,"

-1-

while improper, nonetheless "inform[ed] Affirmative of the action within the time provided in these rules for service." *Id*.

What a colossal waste of time, energy, and resources for all concerned. I encourage counsel to take note for the future. Alternatively, perhaps our court rules should be given greater teeth.

/s/ Mark T. Boonstra