# STATE OF MICHIGAN

# COURT OF APPEALS

TEREES WILLIAMS,

Plaintiff-Appellant,

v

FANNIE MAE,

Defendant-Appellee.

UNPUBLISHED
June 13, 2017

No. 332274
Muskegon Circuit Court
LC No. 15-050177-CK

Before: GADOLA, P.J., and TALBOT, C.J. and GLEICHER, J.

PER CURIAM.

Plaintiff, Terees Williams, lost her home to foreclosure. This Court found no error in the foreclosure proceedings, but defendant, Fannie Mae, nevertheless tried to work out a plan whereby plaintiff could keep her home. Unfortunately, the negotiations failed and no agreement was reached. Plaintiff filed the current action in an attempt to force a contract with defendant. The circuit court summarily dismissed plaintiff's complaint and we affirm.

## I. BACKGROUND

The dispute between these parties has a serpentine history. "Plaintiff began experiencing financial difficulties when she became disabled in 2010" and fell behind in her mortgage payments. *Williams v Fannie Mae*, unpublished opinion per curiam of the Court of Appeals, issued July 16, 2015 (Docket No. 321677), unpub op at 1 (*Williams I*). Plaintiff's lender attempted to assist her and offered two separate trial payment plans. Plaintiff failed to accept the first and did not make timely payments under the second. The lender foreclosed and bought the property at the sheriff's sale, but then transferred its interest to defendant. Plaintiff did not redeem the property, but held over on the land. Plaintiff "filed a circuit court 'complaint to cancel sheriff's deed sale' against defendant, alleging that 'irregularities existed with the loan servicing, including improper inflation of the loan balance' and that the foreclosure sale 'was executed contrary to the National Mortgage Settlement Agreement.' " *Id*. at 2. The circuit court summarily dismissed the complaint as plaintiff failed to create any genuine issue of material fact and denied as futile plaintiff's request to amend her complaint "to add claims of fraud, defamation, and intentional infliction of emotional distress." *Id*. at 3. Plaintiff appealed as of right to this Court.

-1-

At oral argument, defendant indicated that the parties were negotiating a settlement. The panel agreed to delay issuing its opinion for 60 days to allow continued negotiations. When this period ended, this Court issued *Williams I*, affirming the circuit court's judgment.

The parties were unable to reach an agreement. Plaintiff then filed the current action, alleging (1) breach of contract or implied contract, (2) fraud in the inducement, (3) breach of implied covenant of good faith and fair dealing in violation of the Michigan consumer protection act, MCL 445.901 *et seq.*, (4) "violation of promissory estoppel," and (5) intentional and negligent infliction of emotional distress.[1] Plaintiff generally asserted that defendant agreed to resell her the home as part of a settlement offer, she planned to use funds from Step Forward Michigan to accomplish the purchase, and defendant breached its part of the agreement by failing to provide Step Forward with the necessary documentation for her to obtain the funding. Having not received an answer to the complaint, plaintiff filed a motion for default judgment, which the circuit court eventually denied because defendant was never properly served. Defendant sought summary disposition, which the circuit court granted. Plaintiff now appeals.

## II. DEFAULT JUDGMENT

Plaintiff alleges that given her filing date, defendant was required to answer by November 2, 2015. Defendant did not answer by that date and plaintiff filed a motion for default judgment on November 5. The circuit court declined to enter a default judgment because defendant had not been properly served, and thereafter denied plaintiff's motion for reconsideration. We review that decision for an abuse of discretion. *Barclay v Crown Bldg & Dev, Inc*, 241 Mich App 639, 642; 617 NW2d 373 (2000). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes" or when the court "makes an error of law." *Ronnisch Constr Group, Inc v Lofts on the Nine, LLC*, 499 Mich 544, 552; 886 NW2d 113 (2016). "The construction and interpretation of [underlying] court rules is a question of law that we review de novo." *Barclay*, 241 Mich App at 642.

Defendant is a private corporation. See 12 USC 1716b ("Federal National Mortgage Association[] will be a Government-sponsored private corporation . . . ."). Plaintiff chose to serve process by mail on defendant's CEO, a company "officer." MCR 2.105(D)(1) provides that service of process on a private corporation may be completed by "serving a summons and a copy of the complaint on an officer. . . ." This means "personal" service. *Bullington v Corbell*, 293 Mich App 549, 557; 809 NW2d 657 (2011). MCR 2.105(D)(4) permits a plaintiff to serve a corporate officer by registered mail under certain circumstances, none of which existed here. Plaintiff did not follow the plain language of the court rule and instead chose to employ only registered or certified mail to serve the summons and complaint upon defendant's CEO.

This Court previously advised plaintiff that to be entitled to entry of a default judgment, she must first establish that she followed proper service methods. In relation to the prior foreclosure action, this Court held, "it is axiomatic that a defendant must be properly served in order to trigger the response timing requirements provided in MCR 2.108." *Williams I*, unpub op

---

[1] Plaintiff has abandoned her negligent infliction claim.

at 3. We expressly warned plaintiff that " '[t]he court rules simply do not contemplate that a plaintiff may use certified mail as an initial form of service on corporate entities of any kind.' " *Id*. at 4, quoting *Bullington*, 293 Mich App at 558. Yet plaintiff again chose to serve defendant by an improper method and, as a result, the response timing requirements were not triggered. Accordingly, the circuit court acted well within its discretion in denying plaintiff's motion for default judgment.

## III. BREACH OF CONTRACT

Plaintiff contends that a contract was created between the parties when defendant "made the offer to re-sell [the] house to [her] for fair market value" and plaintiff "accepted the proposal." The circuit court summarily dismissed plaintiff's breach of contract claim, determining that no "agreement was ever consummated." In the alternative, the court noted that any contract related to the sale of land had to be in writing pursuant to the statute of frauds and no written contract was executed. See MCL 566.106; MCL 566.108; MCL 566.132(1)(e).

We review de novo a lower court's grant of summary disposition. *Innovation Ventures v Liquid Mfg*, 499 Mich 491, 506; 885 NW2d 861 (2016). The court granted defendant's motion pursuant to MCR 2.116(C)(8).

> A motion under MCR 2.116(C)(8) "tests the legal sufficiency of the complaint on the basis of the pleadings alone to determine if the opposing party has stated a claim for which relief can be granted." *Begin v Mich Bell Tel Co*, 284 Mich App 581, 591; 773 NW2d 271 (2009). We must accept all well-pleaded allegations as true and construe them in the light most favorable to the nonmoving party. *Id*. The motion should be granted only if no factual development could possibly justify recovery. *Id*. [*Zaher v Miotke*, 300 Mich App 132, 139; 832 NW2d 266 (2013).]

There was no contract, written or otherwise, in this case. Rather, plaintiff could only possibly complain that defendant failed to follow through with steps necessary for her to complete her end of the contract negotiation process. Specifically, in order to enter a contract to buy back her former house, plaintiff had to secure funding. In order to secure funding, plaintiff required certain documents from defendant, which defendant allegedly refused to provide.

"A party asserting a breach of contract must establish by a preponderance of the evidence that (1) there was a contract (2) which the other party breached (3) thereby resulting in damages to the party claiming breach." *Miller-Davis Co v Ahrens Const, Inc*, 495 Mich 161, 178; 848 NW2d 95 (2014). The first element of this claim is obvious: in order for a party to breach a contract there must in fact be a contract. "A valid contract requires five elements: (1) parties competent to contract, (2) a proper subject matter, (3) legal consideration, (4) mutuality of agreement, and (5) mutuality of obligation." *Bank of America, NA v First American Title Ins Co*, 499 Mich 74, 101; 878 NW2d 816 (2016) (quotation marks and citation omitted). Here, there was insufficient mutuality of agreement to form a contract. Mutuality of agreement refers to a meeting of the minds on all of a contract's material terms. *Kamalnath v Mercy Hosp*, 194 Mich App 543, 548-549; 487 NW2d 499 (1992). "A meeting of the minds is judged by an objective

standard, looking to the express words of the parties and their visible acts, not their subjective states of mind." *Id*.

Defense counsel advised plaintiff in a June 2, 2015 email to "let [her] know" if plaintiff was "able to come up with funding to re-purchase the property." If plaintiff could not come up with funding equal to the property's fair market value—$33,000—negotiations would need to continue, counsel asserted. On July 2, 2015, plaintiff responded by email that the agency from which she was attempting to secure funding would not continue "without written proof of the foreclosure being rescinded." Defendant promptly advised plaintiff that it would not meet this term. Contract negotiations failed because the parties could not agree to the contract terms. No contract was formed, let alone reduced to writing, and therefore no contract was breached. The circuit court properly dismissed this claim.

IV. FRAUD

The circuit court also summarily dismissed plaintiff's claim that defendant fraudulently induced her to truncate her arguments to this Court in *Williams I* by promising to negotiate a settlement with her and to resell her the property at fair market value.

"Fraud in the inducement occurs where a party materially misrepresents future conduct under circumstances in which the assertions may reasonably be expected to be relied upon and are relied upon. Fraud in the inducement to enter a contract renders the contract voidable at the option of the defrauded party." *Samuel D Begola Servs, Inc v Wild Bros*, 210 Mich App 636, 639-640; 534 NW2d 217 (1995) (citations omitted). But there is no contract in this case that could be voided. Rather, plaintiff asserts that she was fraudulently induced by the "promise" of a contract or settlement agreement to abate her appellate arguments in the prior appeal and that defendant reneged on its promise thereafter. She now seeks to force defendant to enter into the "promised" contract. We cannot grant that relief. "A court cannot 'force' settlements upon parties or enter an order pursuant to the consent of the parties which deviates in any material respect from the agreement of the parties." *Kloian v Domino's Pizza, LLC*, 273 Mich App 449, 461; 733 NW2d 766 (2006) (quotation marks and citations omitted). As earlier noted, the parties never mutually agreed on the terms necessary to form a contract to resell the property to plaintiff. There is therefore no agreement to enforce.

Moreover, plaintiff's claim that she abated her arguments in *Williams I* contradicts the record. Defendant did not propose settlement until the eve of oral argument. By then, plaintiff had already filed a 33-page appellate brief and 10-page reply brief with 34 pages of attachments. Although defendant moved to adjourn oral argument so the parties could continue settlement negotiations, this Court denied the motion, *Williams v Fannie Mae*, unpublished order of the Court of Appeals, entered April 28, 2015 (Docket No. 321677), and plaintiff appeared for argument. Plaintiff claims that she cut short her statements before this Court upon defendant's renewed offer to settle at oral argument. However, the recording of these arguments disproves this allegation. Plaintiff fully argued her claim, unsuccessfully sought reconsideration of this Court's unfavorable opinion, *Williams v Fannie Mae*, unpublished order of the Court of Appeals, entered September 3, 2015 (Docket No. 321677), lost her application for leave to appeal to the Supreme Court, *Williams v Fannie Mae*, 498 Mich 899; 870 NW2d 328 (2015), and unsuccessfully sought reconsideration of that order as well, *Williams v Fannie Mae*, 498 Mich

932; 871 NW2d 526 (2015). Accordingly, plaintiff could not establish that she detrimentally relied upon any fraudulent misrepresentation on defendant's part.

Plaintiff also points to defendant's subsequent acts of arranging and paying for an appraisal of the subject home, informing her of the price to repurchase the home, and then "[s]pecif[ying] the source in which Plaintiff were [sic] to obtain the funds for said purchase" as additional fraudulent acts. These acts were taken in the course of negotiating a contract to resell plaintiff the property. Unfortunately, the parties could not agree on the terms and a contract was not reached. Plaintiff now attempts to convince this Court that she only "needed a (conditional) statement) verifying that [defendant] would rescind the foreclosure" in order to secure funding to repurchase the home. She accuses defendant of fraud and other wrongdoing in failing to provide "the (conditional) written statement saying the foreclosure was going to be rescinded in exchange for the $30,000," forcing the end of negotiations. Plaintiff's evidence reveals that she never asked for a *conditional* statement; she requested "written proof of the foreclosure being rescinded." Defendant indicated that it was not willing to take the legal step of rescinding the foreclosure without proof of funding. As a result, no contract was reached and there is nothing for this Court to enforce or invalidate.

## V. PROMISSORY ESTOPPEL

The circuit court also summarily dismissed plaintiff's promissory estoppel claim.

> The elements of promissory estoppel are (1) a promise, (2) that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of the promisee, and (3) that in fact produced reliance or forbearance of that nature in circumstances such that the promise must be enforced if injustice is to be avoided. [*Novak v Nationwide Mut Ins Co*, 235 Mich App 675, 686-687; 599 NW2d 546 (1999).]

The Michigan Supreme Court has specifically held that "an interest in land cannot be established on the basis of estoppel." *Kitchen v Kitchen*, 465 Mich 654, 660; 641 NW2d 245 (2002). This is exactly what plaintiff is attempting to do. Negotiations fell apart and a repurchase contract was never entered. Plaintiff now wants to hold defendant to conditional statements made during the negotiation process and force the sale of real estate. *Kitchen*, 465 Mich at 660, instructs that as interests in land must be created in writing under the statute of frauds, alleged oral promises regarding such transactions cannot be enforced under estoppel theories.

In any event, defendant never promised to resell the property to plaintiff. Rather, defendant pursued negotiations in an attempt to resell the property to plaintiff. Negotiations ended without a contract being entered as the parties could not agree on terms. Defendant cannot now be forced to enter the contract under the doctrine of promissory estoppel.

## VI. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Finally, plaintiff challenges the circuit court's summary dismissal of her claim that defendant intentionally inflicted emotional distress upon her by stringing her through a negotiation process with no intention of reselling her the subject property. Liability for

intentional infliction of emotional distress arises "when a plaintiff can demonstrate that the defendant's conduct is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Walsh v Taylor*, 263 Mich App 618, 634; 689 NW2d 506 (2004) (quotation marks and citation omitted). The allegations in this case in no way rise to this level. Accordingly, the circuit court properly dismissed this claim.[2]

      We affirm.

                                   /s/ Michael F. Gadola
                                   /s/ Michael J. Talbot
                                   /s/ Elizabeth L. Gleicher

---

[2] On the final page of her appellate brief, plaintiff seeks relief connected to her claim that defendant breached its duty of good faith and fair dealing in violation of the MCPA. Plaintiff did not include this issue in the statement of questions presented and made no legal argument in this regard. Accordingly, this issue is not properly before this Court. See *City of Fraser v Almeda Univ*, 314 Mich App 79, 99 n 4; 886 NW2d 730 (2016).