*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KEITH J. MITAN,

       Plaintiff-Appellant,

v

AUTO OWNERS INSURANCE COMPANY and
CHRISTINA E. HORN,

       Defendants-Appellees,

and

GREAT LAKES REPORTING, LLC,

       Defendant.

UNPUBLISHED
December 21, 2023

No. 365125
Oakland Circuit Court
LC No. 2020-182670-CZ

Before: GLEICHER, C.J., and GARRETT and MALDONADO, JJ.

PER CURIAM.

This lawsuit and appeal primarily stem from the alleged violation of a protective order by defendants—Auto-Owners Insurance Company and one of its attorneys, Christina Horn—in a previous action brought by plaintiff, Keith Mitan, against Auto-Owners. In the current suit, Mitan alleged a civil conspiracy by defendants and sought equitable relief. The trial court ultimately dismissed the relevant claims against Auto-Owners on summary disposition and dismissed Horn from this action because she never received proper service of process. Finding no errors warranting reversal, we affirm.

## I. BACKGROUND

In a prior lawsuit in Oakland Circuit Court between Mitan and Auto-Owners, the trial court entered a protective order allowing any party to designate a document as "confidential" if the party "determine[d] in good faith that it contain[ed] confidential or proprietary information." The protective order outlined particular procedures for designating documents as confidential, for maintaining confidential documents, and for objecting to another party's designation of a

document as confidential. Believing that Auto-Owners and Horn, along with defendant Great Lakes Reporting (GLR), violated the protective order, Mitan brought the current lawsuit.

Mitan's complaint raised a claim of "Equitable Relief" against defendants on the basis of this purported violation. He alleged that GLR prepared a deposition transcript which violated the protective order, that Horn filed an excerpt of that deposition in Auto-Owners' motion for summary disposition in the previous action, and that this excerpt included answers that Mitan designated as confidential. Mitan also raised a claim of civil conspiracy, alleging that defendants engaged in "concerted action" to violate the protective order.

Mitan electronically served the summons and complaint on Horn to her work e-mail address. Horn did not answer the complaint, and before the summons expired, attorney Jerry Lascoe entered a limited appearance as Horn's counsel "for purposes of contesting and objecting to service of process, venue, and jurisdiction." Soon after, Mitan moved for entry of default against Horn. He argued that electronic service was permissible under Administrative Order (AO) 2007-3. Horn also was informed of the lawsuit, Mitan continued, because she filed a limited appearance as a party before expiration of the summons. Since Horn never answered the complaint, Mitan requested entry of a default against her. The trial court granted Mitan's request.

Horn moved to set aside the default and requested dismissal of the case against her. She noted that she was never personally served with the summons and complaint as required by the court rules. Because there was a complete failure to serve process, she was entitled to dismissal. Alternatively, Horn argued that Mitan's claims of equitable relief and civil conspiracy should be dismissed under MCR 2.116(C)(8). In response, Mitan argued that even assuming electronic service was improper, that would constitute a mere defect in the manner of service; therefore, dismissal was not justified under MCR 2.105(K)(3). The trial court granted Horn's requested relief, setting aside the default order and dismissing her from the case. The court concluded that "there was a lack of service of process, not merely a technical defect." The default was therefore erroneously entered and dismissal was appropriate under MCR 2.102(E).

Meanwhile, Auto-Owners moved for partial summary disposition under MCR 2.116(C)(8) and (C)(10) as to Mitan's claims of "equitable relief" and civil conspiracy. Auto-Owners argued that equitable relief was a remedy, not a cause of action, and that the alleged violation of a protective order in a previous action did not create a cause of action. Therefore, the claim of "equitable relief" should be dismissed under MCR 2.116(C)(8). Summary disposition was also warranted on the claim of civil conspiracy because Mitan failed to plead any actionable, underlying tort, nor did he produce any evidence creating a genuine issue of material fact that any actionable tort occurred. In response, Mitan suggested that equitable relief could be a cause of action and argued that defendants' violation of the protective order sufficiently established a civil conspiracy. Mitan also contended that there was no question of material fact that defendants violated the protective order, so he was entitled to summary disposition under MCR 2.116(I)(2).

The trial court granted Auto-Owner's motion for partial summary disposition and dismissed counts II (equitable relief) and III (civil conspiracy) of Mitan's complaint. On count II, the court granted summary disposition under MCR 2.116(C)(8) because "equitable relief" is a remedy, not an independent cause of action. On count III, the court granted summary disposition

under MCR 2.116(C)(8) and (C)(10) because Mitan did not allege any underlying tort in support of his civil conspiracy claim. This appeal followed.[1]

## II. SUMMARY DISPOSITION

Mitan argues that the trial court erred by granting summary disposition for Auto-Owners on his claims of civil conspiracy and "equitable relief."

We review de novo a trial court's decision on a motion for summary disposition. *El-Khalil v Oakwood Healthcare*, 504 Mich 152, 159; 934 NW2d 665 (2019). That means we give "respectful consideration, but no deference" to the trial court's ruling. *Wasik v Auto Club Ins Assoc*, 341 Mich App 691, 695; 992 NW2d 332 (2022). A motion under MCR 2.116(C)(8) "tests the legal sufficiency of the complaint solely on the basis of the pleadings." *Dalley v Dykema Gossett*, 287 Mich App 296, 304; 788 NW2d 679 (2010). Summary disposition is warranted when the complaint "failed to state a claim on which relief can be granted." MCR 2.116(C)(8). When considering a motion under subrule (C)(8), this Court "accepts all well-pleaded factual allegations as true and construes them in the light most favorable to the nonmoving party." *Dalley*, 287 Mich App at 304-305.[2]

## A. CIVIL CONSPIRACY

We begin with the dismissal of Mitan's claim of civil conspiracy. "A civil conspiracy is a combination of two or more persons, by some concerted action, to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by criminal or unlawful means." *Swain v Morse*, 332 Mich App 510, 530; 957 NW2d 396 (2020) (cleaned up). "A claim of civil conspiracy does not exist in the air; rather, the plaintiff must prove a separate, actionable tort." *Mercurio v Huntington Nat'l Bank*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 361855); slip op at 14. A "tort" is understood to be "a civil wrong that arises from the breach of a legal duty other than the breach of a contractual duty." *In re Bradley Estate*, 494 Mich 367, 381; 835 NW2d 545 (2013).

Mitan asserts that Auto-Owners' violation of the protective order constituted a criminal purpose sufficient to support his civil conspiracy claim. He leaps to that conclusion by noting that trial courts can punish violations of court orders with criminal or civil contempt, and that a contempt petition seeks to impose tort liability. Mitan cites *Bradley Estate*, 494 Mich at 393 n 61, for the proposition that contempt can constitute a tort. *Bradley Estate* involved interpretation of the governmental tort liability act (GTLA), MCL 691.1401 *et seq*. The Supreme Court held that

---

[1] To provide Mitan an appeal as of right, the parties stipulated to dismissal with prejudice of the remaining claim against Auto-Owners for breach of contract. GLR was separately dismissed from this action and is not a party to this appeal.

[2] Although the trial court's order stated that it was granting summary disposition on the civil conspiracy claim under MCR 2.116(C)(8) *and* (C)(10), the court's reasoning solely involved the failure to state a claim. We therefore focus only on summary disposition under MCR 2.116(C)(8).

a civil contempt petition seeking indemnification damages under MCL 600.1721 seeks to impose "tort liability." It follows that a party that elects to pursue the statutory remedy available under MCL 600.1721 will be barred from obtaining relief against governmental agencies because those entities are entitled to immunity from "tort liability" under MCL 691.1407(1) of the GTLA. The logical result of this conclusion is that courts are prohibited from exercising their contempt powers by punishing a governmental agency's contemptuous conduct through an award of indemnification damages under MCL 600.1721. [*Id*. at 393-394.]

The Court cautioned, however, that its holding did not constrain courts' inherent contempt powers: "the power to prescribe *acts* that are punishable as contempt through fine or imprisonment, or both. *Id*. at 394-395.

*Bradley Estate* does not save Mitan's civil conspiracy claim. Unlike in *Bradley Estate*, which involved the plaintiff seeking to impose tort liability by the filing of a civil contempt petition, Mitan never even alleged in his complaint that Auto-Owners committed contempt, nor has any court found that Auto-Owners engaged in contemptuous conduct. Mitan merely alleged that defendants were jointly engaged in concerted action to violate the protective order. He does not explain how allegations that a party has violated a court order, without any finding of wrongdoing or punishment of contempt, itself constitutes an underlying, actionable tort. Rather, Mitan appears to be short-circuiting the judicial process. Having never objected to the alleged violation of the protective order in the previous action, he now seeks to use that alleged violation as the foundational basis for his civil conspiracy claim. This deficiency in Mitan's pleading and argument, standing alone, provides a basis to affirm the grant of summary disposition under MCR 2.116(C)(8).

Even assuming that Mitan sufficiently alleged an actionable underlying tort, his civil conspiracy claim still fails under MCR 2.116(C)(8). His complaint contains no factual allegations to support his conclusory statement that defendants were "jointly engaged" in a "concerted action" to violate the protective order. Mitan alleged that GLR prepared a deposition transcript that violated the protective order. He also alleged that Horn filed an excerpt of that deposition as part of Auto-Owners' motion for summary disposition in the previous action, that the excerpt contained information designated as confidential, and that filing this document violated other provisions of the protective order. Viewed in the light most favorable to Mitan, defendants took independent actions that resulted in the filing of a deposition excerpt. Mitan alleges no facts suggesting that defendants worked together in furtherance of some conspiracy to publicize confidential information about plaintiff in court documents. The fact that Auto-Owners could not have attached the deposition excerpt without GLR first preparing it is not evidence of a conspiracy, any more than it would be to accuse the court clerk of participating in the conspiracy for accepting the filing of the deposition transcript. Without allegations of any "concerted action" between defendants, see *Swain*, 332 Mich App at 530, Auto-Owners was entitled to summary disposition under MCR 2.116(C)(8) on the civil conspiracy claim.

## B. EQUITABLE RELIEF

Mitan also challenges the dismissal of count II of his complaint, which Mitan entitled as "Equitable Relief." It is well-established that "a claim for equitable relief is not an independent,

standalone cause of action; rather, it is a remedy that must be supported by a cause of action." *Rodriguez v Hirshberg Acceptance Corp*, 341 Mich App 349, 363; 991 NW2d 217 (2022). Recognizing this flaw in his pleading, Mitan argues on appeal that the substance of the claim is a violation of the protective order. Therefore, he continues, "there is a valid claim for equitable relief, because a valid equitable remedy exists."

When determining the gravamen of an action, this Court looks to the allegations in the complaint, not simply the labels attached to the allegations. See *Jeffrey-Moise v Williamsburg Towne Houses Coop, Inc*, 336 Mich App 616, 625; 971 NW2d 716 (2021). Put differently, "the nature of a claim is not determined by the form or manner of presentation of a complaint but, rather, by considering the underlying substance of the complaint." *Rodriguez*, 341 Mich App at 363. The substance of the allegations in count II is that defendants, including Auto-Owners, violated the protective order by filing a deposition excerpt with confidential responses. Mitan seeks equitable relief in the form of, among other things, a court order directing defendants to destroy the deposition transcript. But as Auto-Owners notes, Mitan provides no legal support for the proposition that an alleged violation of the protective order creates a private cause of action. This Court's duty is not to search for legal authority to sustain a party's claim. See *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998). Therefore, even framing count II as a claim for violating a court order that seeks the remedy of equitable relief, summary disposition is still appropriate because Mitan "failed to state a claim on which relief can be granted." MCR 2.116(C)(8).

Had Mitan pleaded a viable claim of civil conspiracy, perhaps he could have obtained equitable relief as a *remedy* for that cause of action. But standing alone, count II cannot survive. Equitable relief must be supported a cause of action, *Rodriguez*, 341 Mich App at 363, and Mitan has pleaded no valid cause of action in count II from which to seek equitable relief. Therefore, the trial court correctly granted summary disposition to Auto-Owners on count II under MCR 2.116(C)(8).

## III. DEFAULT AND DISMISSAL

Mitan next argues that the trial court erred by setting aside the default against Horn and dismissing her from this action.

We review for an abuse of discretion a trial court's decision on a motion to set aside a default. *Bullington v Corbell*, 293 Mich App 549, 554-555; 809 NW2d 657 (2011). Any underlying issues involving the interpretation of court rules, however, are reviewed de novo. *Id*. at 554. "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 274; 884 NW2d 257 (2016).

The entry and setting aside of the default stemmed from arguments about service of process to Horn. "A court cannot adjudicate an in personam controversy without first having obtained jurisdiction over the defendant by service of process." *Lawrence M Clarke, Inc v Richco Const, Inc*, 489 Mich 265, 274; 803 NW2d 151 (2011) (cleaned up). Service-of-process rules are "intended to satisfy the due process requirement that a defendant be informed of an action by the

best means available under the circumstances." MCR 2.105(K)(1). MCR 2.105(A) governs the manner of service on an individual. That subrule provides:

> (A) Individuals. Process may be served on a resident or nonresident individual by
>
> (1) delivering a summons and a copy of the complaint to the defendant personally; or
>
> (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

Notably absent from MCR 2.105(A) is any language authorizing service of a summons and complaint by e-mail.

It is undisputed that Mitan failed to serve the summons and complaint to Horn personally or by registered or certified mail. Instead, Mitan electronically served those documents to Horn at her work e-mail address. Still, Mitan argues that electronically serving the summons and complaint on Horn constituted proper service. He points to administrative orders issued by the Supreme Court—AO 2007-3 and AO 2019-4—for support.

As Auto-Owners notes, AO 2007-3 was rescinded and replaced by AO 2019-4. In turn, AO 2019-4 sets forth rules for e-filing in the Oakland Circuit Court. Nothing in AO 2019-4 provides that Oakland Circuit Court's e-filing rules override the clear requirement in MCR 2.105(A) that a summons and complaint must be served personally or by registered or certified mail on an individual. Indeed, the summons issued to Horn, on the approved State Court Administrative Office form, includes a certification section where the process server can attest to either serving the summons and complaint on the defendant personally, or by registered or certified mail. AO 2019-4 does not alter the court rules on service of process.

The trial court initially granted Mitan's motion for entry of default against Horn after concluding that Horn failed to answer the complaint. Later, the court set aside the default because it was "improperly entered due to the lack of service of process." Under MCR 2.603(D)(1), "[a] motion to set aside a default or a default judgment, except when grounded on lack of jurisdiction over the defendant, shall be granted only if good cause is shown and a statement of facts showing a meritorious defense, verified in the manner prescribed by MCR 1.109(D)(3), is filed." Horn's motion to set aside the default was grounded on improper service—and thus lack of personal jurisdiction—so she did not need to establish good cause. See *Clarke*, 489 Mich at 274. Because service on Horn was defective, and Horn was challenging the trial court's jurisdiction over her, there was no basis to enter a default against Horn. The trial court did not abuse its discretion by setting aside the default.

Mitan also contends that the trial court erred by dismissing Horn from this action because of improper service of process. We decline to resolve whether the trial court erred on these grounds

because dismissal is appropriate on alternative grounds.[3]  In her motion to set aside the default, Horn argued that dismissal was warranted for several reasons, including because Mitan's claims of "equitable relief" and civil conspiracy failed as a matter of law under MCR 2.116(C)(8).  Since we have already concluded that these claims were properly dismissed against Auto-Owners under MCR 2.116(C)(8), they necessarily fail, too, against Horn.  We therefore affirm the dismissal of this action against Horn, but for different reasons than those given by the trial court.  See *Bailey v Antrim Co*, 341 Mich App 411, 420; 990 NW2d 372 (2022) ("We will not reverse a trial court's decision when it reaches the right result, even if it was for the wrong reason.").

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Kristina Robinson Garrett
/s/ Allie Greenleaf Maldonado

---

[3] We note the potential conflict between MCR 2.105(K)(3), which the trial court concluded did not apply, and MCR 2.102(E)(1), which the trial court cited in support of dismissal.  MCR 2.105(K)(3) provides that "[a]n action shall not be dismissed for improper service of process unless the service failed to inform the defendant of the action within the time provided in these rules for service."  As interpreted by this Court, MCR 2.105(K)(3) is not applicable when there is a "complete failure of service of process," rather than a defect in the manner of service. *Holliday v Townley*, 189 Mich App 424-425; 473 NW2d 733 (1991).  On the other hand, MCR 2.102(E)(1) provides that, once the summons has expired, "the action is deemed dismissed without prejudice as to a defendant who has not been served with process as provided in these rules, unless the defendant has submitted to the court's jurisdiction."  Unlike MCR 2.105(K)(3), MCR 2.102(E)(1) would seem to allow for dismissal for mere defects in the manner of service.