HOLLIDAY v TOWNLEY

Docket No. 121954. Submitted December 14, 1990, at Lansing. Decided May 20, 1991, at 10:15 A.M.

Mable B. Holliday filed a complaint in the Jackson Circuit Court against Arthur J. Townley, D.D.S., alleging malpractice. The plaintiff mailed a copy of the complaint, but not the summons, to the defendant. The summons expired without having been served, and the court, Russell E. Noble, J., dismissed the action for lack of service of process. The plaintiff appealed, arguing that the defendant had actual notice of the action and that dismissal was precluded by MCR 2.105(J)(3).

The Court of Appeals *held:*

MCR 2.105(J)(3), which provides that an action is not to be dismissed for improper service of process unless the service failed to inform the defendant of the action within the time provided for service, does not apply to cases, such as this one, where the question concerns not a defect in the manner of service, but a failure of service of process.

Affirmed.

PROCESS — SERVICE OF PROCESS — FAILURE TO SERVE SUMMONS.

Failure to include a summons with a complaint furnished to a defendant requires dismissal of the action for improper service of process (MCR 2.105[J][3]).

*Bendure & Thomas* (by *Mark R. Bendure* and *Laura J. Gabel*), for the plaintiff.

*Willingham & Coté, P.C.* (by *Ray Foresman* and *Anthony S. Kogut*), for the defendant.

Before: SHEPHERD, P.J., and GILLIS and CAVANAGH, JJ.

REFERENCES

Am Jur 2d, Process §§ 94, 112, 142, 228.

See the Index to Annotations under Process and Service of Process and Papers.

SHEPHERD, P.J. In this dental malpractice action, plaintiff appeals as of right the trial court's order dismissing her action for failure to serve defendant. We affirm.

Plaintiff filed her complaint on June 3, 1988, and a copy of it was sent by regular mail to defendant on June 27, 1988, with a cover letter informing defendant that if he did not provide requested records within thirty days, plaintiff's counsel would "formally serve the papers." Defendant forwarded the complaint to his malpractice insurance carrier, who, in turn, proceeded to investigate the claim. There is no dispute that defendant was never served with or that he never received the summons, which expired on December 2, 1988, and that the period of limitation applicable to plaintiff's action has since expired, precluding renewal of the summons.

Plaintiff contends that defendant had actual notice of the suit and that dismissal was precluded by MCR 2.105(J)(3). That subrule provides that "an action shall not be dismissed for improper service of process unless the service failed to inform the defendant of the action within the time provided in these rules for service." Plaintiff also relies on decisions by this Court, such as *Hill v Frawley,* 155 Mich App 611; 400 NW2d 328 (1986), and *Bunner v Blow-Rite Insulation Co,* 162 Mich App 669; 413 NW2d 474 (1987), which held that if a defendant actually receives a copy of the summons and complaint within the permitted time, he cannot have the action dismissed on the ground that the manner of service contravenes the rules.

We find, however, that MCR 2.105(J)(3) is not applicable to the present matter where the question is not one of defects in the manner of service, but rather a complete failure of service of process. Plaintiff's reliance on *Leidich v Franklin,* 394 Pa

Super 302; 575 A2d 914 (1990), is likewise misplaced. In that case, the defendants were served with notice of the lawsuit via a writ of summons, but service was defective in that it did not comply with the applicable court rule or local practice. The *Leidich* court found that the plaintiff had demonstrated a good-faith effort to effectuate service, that the defect in service did not affect any substantial rights of the defendants, and that the defendants were not prejudiced in any way. In the instant case, counsel for plaintiff specifically said in his cover letter that he was not then serving process. This was an accurate statement in every respect because the summons was not enclosed. Yet service of the summons is a necessary part of service of process. It is the summons which informs the defendant of the fact that an action has been commenced against him and of his rights and duties in connection therewith, such as the time limits for responding to the complaint. See MCR 2.102. MCR 2.105(J)(3), as well as every other court rule governing service of process, assumes that the summons will be served with the complaint, even if in a technically defective fashion. So, too, did the cases relied upon by plaintiff. MCR 2.105(J)(3) forgives errors in the manner or content of service of process. It does not forgive a failure to serve process. For this reason, we must affirm the trial court's dismissal of plaintiff's action.[1]

Affirmed.

---

[1] If the Legislature or the Supreme Court wishes to label as effective service any knowledge of the existence or contents of a complaint, the Legislature may do so by adopting legislation and the Supreme Court may do so by adopting a court rule or by reversing this opinion. In the meantime we are required to hold as we do.