# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 13, 2011

140670

CHRISTOPHER L. EVANS,
              Plaintiff-Appellant,

v

GROSSE POINTE PUBLIC SCHOOL SYSTEM,
              Defendant-Appellee.

_____/

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

SC:  140670
COA: 288546
Wayne CC: 08-109953-CZ

On order of the Court, leave to appeal having been granted and the briefs and oral arguments of the parties having been considered by the Court, we VACATE our order of September 15, 2010.  The application for leave to appeal the January 19, 2010 judgment of the Court of Appeals is DENIED, because we are no longer persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J. (*concurring*).

I concur in the order, but write separately to respond to the dissent's assertion that "MCR 2.105(J)(3) precludes the entry of summary disposition in favor of defendant." MCR 2.105(J)(3) provides:

> An action shall not be dismissed for improper service of process unless the service failed to inform the defendant of the action within the time provided in these rules for service.

Thus, MCR 2.105(J)(3) applies to "improper" service of process.  Contrary to the dissent, I do not believe that it applies to a complete failure to serve process.

Because defendant here is a public entity, MCR 2.105(G) governs how it may be legally served.  This rule, which the dissent does not discuss, or even cite, identifies specific persons on whom service must be made in a suit against a public school district, and establishes two means by which to effect service.  First, service may be made on one of the identified officers — "the president, secretary, treasurer," or "an officer having

substantially the same duties." MCR 2.105(G)(5) and (8). Alternatively, service may be made by "serving a summons and a copy of the complaint with a person in charge of the office of an officer on whom service may be made," *and* "sending a summons and a copy of the complaint by registered mail addressed to such officer at his or her office." MCR 2.105(G)(8).

Here, plaintiff proceeded by using the alternative method of service, and whether he completed the first required step by "serving the person in charge of the office of an officer" was disputed. A process server maintained that he served Janet Truance, the executive assistant to defendant's superintendant, with the summons and a copy of the complaint. Truance, however, despite specifically signing an "acknowledgement of service," claimed that she was handed a copy of the complaint only. Following an evidentiary hearing, the trial court credited Truance's account. Thus, service failed, and the court granted defendant's motion for summary disposition, and the Court of Appeals affirmed.

In my judgment, the trial court's determination that plaintiff did not receive the summons was clearly erroneous. Truance's signed acknowledgement constituted "proof of service" — a "written acknowledgment of receipt of a summons and a copy of the complaint, dated and signed by the person authorized under this act to receive them." MCL 600.1910(1)(a); MCR 2.104(A)(1). However, despite this error, the lower courts still reached the right result because there is no question that plaintiff did not even *attempt* to complete the second step of the alternative process by "sending a summons and a copy of the complaint by registered mail addressed to [the superintendent] at his or her office." MCR 2.105(G)(8). Clearly, *both* requirements of this provision are necessary to constitute personal service on the public officer.

Accordingly, the question in this case is whether MCR 2.105(J)(3), which applies to "improper service of process," excuses plaintiff's failure to serve process at all pursuant to MCR 2.105(G)(8). The answer to this question is clear, in my judgment: "MCR 2.105(J)(3) is not applicable . . . where the question is not one of defects in the manner of service, but rather a complete failure of service of process." *Holliday v Townley*, 189 Mich App 424, 425-426 (1991). The dissent may believe that "defendant got all the notice it needed," but the governing court rule instructs us on this matter, not the personal perspective of a judge.

MARILYN KELLY, J. (*dissenting*).

I respectfully dissent from the Court's order denying plaintiff's application for leave to appeal. I believe it was error for the trial court to grant defendant's motion for summary disposition. Accordingly, I would reinstate plaintiff's claim.

Plaintiff sued defendant alleging that defendant discharged him from his job in violation of the Persons with Disabilities Civil Rights Act.[1] Romeo District Court Officer Thomas Urban made service of process on Janet Truance, the executive assistant to defendant's superintendent. Urban maintained that he served a summons and a complaint. Truance claimed that she received only the complaint. Truance further claimed that this was the first time she had been served with process on behalf of defendant. In any event, she signed an acknowledgement of service, acknowledging receipt of a summons and a complaint. However, she claimed that she did not read the acknowledgement and that she was told she was signing a document showing receipt of the papers she was handed.

Following an evidentiary hearing, the trial judge concluded that Truance's account of her receipt of the papers was more credible than that of Urban. Thus, since there was no effective service of process and the statute of limitations had expired, the trial court granted defendant's motion for summary disposition. The Court of Appeals affirmed the trial court.[2] We granted plaintiff's application for leave to appeal.[3]

Plaintiff argues that MCR 2.105(J)(3) precludes dismissal of his suit. That court rule provides that "[a]n action shall not be dismissed for improper service of process unless the service failed to inform the defendant of the action within the time provided in these rules for service." Here, there is no dispute that service of the complaint was timely. Rather, the question is whether plaintiff's service, assuming it was deficient for

---

[1] MCL 37.1101 *et seq.*

[2] *Evans v Grosse Pointe Pub Sch Sys (On Reconsideration)*, unpublished opinion per curiam of the Court of Appeals, issued January 19, 2010 (Docket No. 288546).

[3] 488 Mich 861 (2010).

failure to include a summons, failed to inform defendant of the action against it.[4]

I believe that defendant had sufficient notice of the action against it by virtue of plaintiff's complaint. It is undisputed that the complaint adequately stated the basis for the trial court's jurisdiction, the factual basis for plaintiff's claim, and included a demand for relief. In terms of substance, a summons is different from a complaint in that it indicates the time within which the defendant is required to answer or take other action. It also includes a notice that, if the defendant fails to answer or take other action within the time allowed, judgment may be entered against the defendant for the relief demanded in the complaint.[5]

Defendant's attorney acted promptly to answer and defend. So, as a practical matter, the service made on defendant informed it of the action within the time provided in the court rules. Even if no summons was served, it cannot be said that defendant was deprived of knowledge of the action against it. Thus, I believe that MCR 2.105(J)(3) precludes the entry of summary disposition in favor of defendant.

For these reasons, I would reinstate plaintiff's claim.

CAVANAGH, J., joins the statement of MARILYN KELLY, J.

HATHAWAY, J., would reverse the judgment of the Court of Appeals.

---

[4] My concurring colleague believes that plaintiff's effort to serve process amounted to a "complete failure." From this conclusion, he cites *Holliday v Townley*, 189 Mich App 424 (1991), as authority for the proposition that MCR 2.105(J)(3) is inapplicable. Although I believe *Holliday* was incorrectly decided, I need not reach its applicability to this case. I do not believe that failure to include a summons constitutes a complete failure of service of process. Nor does the failure to serve a summons and complaint by registered mail necessarily constitute a complete failure. At a minimum, in this case, plaintiff did serve defendant with a complaint. A complete failure would suggest that plaintiff failed to serve any documents that timely informed defendant of the action. Moreover, even if *Holliday* did apply, this Court is not bound by a decision of the Court of Appeals.

[5] See MCR 2.102(B)(10) and (11).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 13, 2011

t0510

Clerk