*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ALICE SARKAR,

Plaintiff-Appellant,

v

KNIGHTS INN, also known as D&D HOTEL
INVESTMENTS, INC., doing business as APPLE
TREE INN,

Defendant-Appellee.

UNPUBLISHED
July 10, 2025
8:55 AM

No. 369831
Saginaw Circuit Court
LC No. 23-000338-NO

Before: MARIANI, P.J., and MALDONADO and YOUNG, JJ.

PER CURIAM.

In this personal-injury case, plaintiff, Alice Sarkar, obtained a default against defendant, Knights Inn, also known as D&D Hotel Investments, Inc., doing business as Apple Tree Inn. The trial court subsequently granted defendant's motion to set aside the default and dismissed this case without prejudice for nonservice. Plaintiff now appeals that decision by right. We affirm.

## I. BACKGROUND

On February 16, 2020, plaintiff allegedly slipped and fell on an accumulation of ice while she was on premises then owned and operated by defendant. Exactly three years later, on February 16, 2023, plaintiff filed a complaint against defendant, alleging that defendant's negligent maintenance of the premises caused her fall and ensuing injuries. Plaintiff thereafter sent a summons, which was set to expire on May 18, 2023, and a copy of the complaint via registered mail to the address for the Apple Tree Inn that was on file with the Department of Licensing and Regulatory Affairs (LARA). The mail was restricted to Dan Patel, who was listed as defendant's registered agent. Patel was also the sole officer and shareholder of defendant. The information on file with LARA also made clear—and the parties do not dispute—that defendant had dissolved on April 7, 2022, nearly one year before plaintiff mailed the summons and complaint.

Plaintiff subsequently received a return receipt indicating that an individual named Alyssa Garcia signed for and received the summons and complaint at the Apple Tree Inn on April 26, 2023. On August 22, 2023, with defendant having filed no response or appearance in the case,

-1-

plaintiff requested that the court clerk enter a default against defendant based on the return receipt signed by Garcia. The court clerk entered the default three days later on August 25, 2023. After obtaining the default, plaintiff's counsel sent a "courtesy copy" of the complaint and default to the company that served as defendant's insurer at the time of the alleged incident, who then hired counsel to defend this action.

On October 16, 2023, defendant filed a motion to set aside the default pursuant to MCR 2.603(D) for lack of service of process. Defendant argued that Garcia was not authorized to accept service of process on defendant's behalf because she was not an individual designated under the court rules to do so and she otherwise had no relationship to defendant as the Apple Tree Inn had been operated by a new owner since before defendant's dissolution in April 2022. Defendant further argued that it had no actual notice of the pending lawsuit, noting that Patel had no notice, having moved back to India shortly after defendant's dissolution, and that defendant had remained completely unaware of the lawsuit until plaintiff's counsel provided a courtesy copy of the complaint and default to defendant's insurer at the time of the alleged incident.

In response to defendant's motion, plaintiff argued that she provided defendant service of process in compliance with the court rules by sending the summons and complaint to the business address for defendant on file with LARA and restricting delivery of the mail to defendant's registered agent, Patel. Plaintiff asserted that service on Garcia was adequate to constitute proper service on defendant because delivery of the registered mail was restricted to Patel as the addressee or to his authorized agent, so "[b]y signing the registered mail receipt," Garcia "represented herself to be an authorized agent of [defendant] and/or Mr. Patel." Plaintiff also argued that defendant failed to "demonstrate good cause and a meritorious defense" in support of its motion to set aside the default as it was required to do under the court rules. Plaintiff further argued that, even if service was improper, the case should not be dismissed because defendant received actual notice when plaintiff contacted defendant's insurer in April 2021, prior to defendant's dissolution, about the alleged incident and a possible action, and when Garcia received the summons and complaint at the Apple Tree Inn before the summons expired.

On January 7, 2024, the trial court issued an opinion and order granting defendant's motion to set aside the default pursuant to MCR 2.603(D) and dismissing this case without prejudice for nonservice pursuant to MCR 2.102(E).[1] The court concluded that plaintiff had failed to effectuate service of process in accordance with the court rules. The court rejected plaintiff's argument that service on Garcia constituted proper service on defendant because the argument "ha[d] neither any basis in fact nor support in law," noting that Garcia was not authorized under the court rules to receive service of process on defendant's behalf, that there was no evidence suggesting that defendant had authorized Garcia to receive service on its behalf, and that Garcia's "unilateral action" of signing for and receiving the summons and complaint alone was "insufficient to create an agency relationship." As to plaintiff's argument that defendant had actual notice of the lawsuit, the court concluded that it had "no rational basis" because defendant "was obviously not the entity operating the Apple Tree Inn when service of process was delivered there" more than a year after defendant's dissolution, and plaintiff's correspondence with defendant's insurer in April 2021

---

[1] The trial court decided the motion without oral arguments pursuant to MCR 2.119(E)(3).

-2-

failed to show that defendant "ever received actual notice of the existence of this action after it was filed in 2023 and before the [s]ummons expired." The court further concluded that, "[b]ecause service of process [wa]s essential to [its] acquisition of personal jurisdiction over [defendant]" and it could not adjudicate the case without first obtaining personal jurisdiction over defendant, the defect in service was "clearly jurisdictional in nature," and so defendant was not required by the court rules to show good cause and a meritorious defense.[2] This appeal followed.

## II. DISCUSSION

On appeal, plaintiff raises several distinct but related challenges to the trial court's order granting defendant's motion to set aside the default and dismissing this case without prejudice. We review a trial court's decision to set aside a default for an abuse of discretion. *Brooks Williamson & Assoc, Inc v Mayflower Constr Co*, 308 Mich App 18, 24-25; 863 NW2d 333 (2014). A trial court abuses its discretion when it renders a decision falling "outside the range of reasonable and principled outcomes" or "makes an error of law." *Tindle v Legend Health, PLLC*, 346 Mich App 468, 474; 12 NW3d 667 (2023) (quotation marks and citations omitted). We review de novo a court's "interpretation of statutes, court rules, and legal doctrines." *Glasker-Davis v Auvenshine*, 333 Mich App 222, 229; 964 NW2d 809 (2020).

"A default is a punitive measure used to encourage participation and cooperation in litigation," *Epps v 4 Quarters Restoration LLC*, 498 Mich 518, 554; 872 NW2d 412 (2015), and a default must be entered against a party who "fail[s] to plead or otherwise defend as provided by [the court] rules," MCR 2.603(A)(1). "The policy of this state is generally against setting aside defaults and default judgments that have been properly entered." *Tindle*, 346 Mich App at 474 (quotation marks, citation, and alteration omitted). A default may be set aside pursuant to MCR 2.603(D)(1), which states that "[a] motion to set aside a default . . . , except when grounded on lack of jurisdiction over the defendant, shall be granted only if good cause is shown and a statement of facts showing a meritorious defense . . . is filed."

## A. COMPLIANCE WITH SERVICE REQUIREMENTS

Plaintiff first argues that the trial court abused its discretion by granting defendant's motion to set aside the default because she complied with the service requirements of MCR 2.105(D)(1)-(3) by mailing a summons and a copy of the complaint via registered mail with restricted delivery to defendant's registered agent, Patel, at the Apple Tree Inn, which was consistent with the information on file with LARA. We disagree.

Because defendant is a corporate defendant, plaintiff was required to serve defendant in compliance with MCR 2.105(D), which states, in relevant part, that service is effectuated by:

> (1) serving a summons and a copy of the complaint on an officer or the resident agent;

---

[2] Plaintiff filed a motion for reconsideration on January 7, 2024, which the trial court denied on February 7, 2024.

(2) serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation; [or]

(3) serving a summons and a copy of the complaint on the last presiding officer, president, cashier, secretary, or treasurer of a corporation that has ceased to do business by failing to keep up its organization by the appointment of officers or otherwise, or whose term of existence has expired[.]

All of these provisions require personal service of "a summons and complaint on" at least one of the specified individuals. See *Bullington v Corbell*, 293 Mich App 549, 557; 809 NW2d 657 (2011) ("With regard to private corporations, the court rules require personal service on an officer, agent, director, trustee, or person in charge of an office or business establishment."). Cf. MCR 2.105(D)(4) (specifying circumstances under which service on a private corporation can be accomplished by "sending a summons and a copy of the complaint by registered mail").[3] MCR 2.104(A)(1) provides that "[p]roof of service may be made by written acknowledgement of the receipt of a summons and a copy of the complaint, dated and signed by the person to whom service is directed or by a person authorized under these rules to receive the service of process[.]" MCR 2.105(I)(1), in turn, provides that "[s]ervice of process on a defendant may be made by serving a summons and a copy of the complaint on an agent authorized by written appointment or by law to receive service of process."

There is no dispute in this case that (1) plaintiff attempted to effectuate service only through registered mail; (2) service was directed at, and expressly restricted to, Patel; and (3) the individual who instead received and signed for the summons and complaint—Garcia—was not herself one of the individuals listed in any of the aforementioned rules. Plaintiff claims that service on Garcia was nonetheless adequate to constitute proper service on defendant because she signed for documents that were directed to Patel and registered mail can only be delivered to its addressee or the addressee's authorized agent, so by signing and accepting the documents, Garcia represented herself to be Patel's authorized agent. Plaintiff, however, offers nothing in the record or in the law to substantiate her claim that simply because Garcia signed and received the documents, she necessarily constitutes an "agent" authorized to receive service under the court rules. Nor have we found anything else in the record or law to support that conclusion.

Plaintiff presumes that Garcia must have made some sort of representation to the postal worker that she was an authorized agent of Patel or defendant, but plaintiff offers nothing more than Garcia's signature on the return receipt in support. Garcia's signature on the return receipt, however, indicates only that the summons and complaint were "received by" her on April 26, 2023. And even if Garcia had made such a representation, "[a] fundamental requirement of . . . an agency relationship is that the parties to the agreement consent to its creation." *Persinger v Holst*,

---

[3] Plaintiff does not argue, nor could she, that service in this case was sufficient under MCR 2.105(D)(4) because there is no dispute that she did not, as that subsection requires, "send[] a summons and a copy of the complaint by registered mail . . . to the Michigan Bureau of Commercial Services, Corporation Division."

248 Mich App 499, 504; 639 NW2d 594 (2001). See also *Meretta v Peach*, 195 Mich App 695, 697; 491 NW2d 278 (1992) ("An agency relationship may arise when there is a manifestation by the principal that the agent may act on his account."). Plaintiff identifies—and there is—nothing in the record to suggest that Patel and Garcia agreed to an agency relationship, and there is nothing in the law to support the notion that any unilateral action by Garcia would have been enough in itself to render her defendant's agent. See, e.g., *Meretta*, 195 Mich App at 698-699 (explaining that "[a]pparent authority may arise when acts and appearances lead a third person reasonably to believe that an agency relationship exists" but that it "must be traceable to the principal and cannot be established by the acts and conduct of the agent"). Furthermore, the fact remains that service by registered mail, even on someone authorized to receive it, is not adequate under MCR 2.105(D)(1)-(3). See *Bullington*, 293 Mich App at 557. Accordingly, because plaintiff secured the default based on her failure to provide defendant service of process, the trial court did not abuse its discretion by granting defendant's motion to set aside the default. See *Tindle*, 346 Mich App at 474.

## B. ACTUAL NOTICE

Plaintiff also argues that, even if service of process was defective, dismissal was not warranted under MCR 2.105(K)(3) because defendant had actual notice of the action. MCR 2.105(K)(3) provides that "[a]n action shall not be dismissed for improper service of process unless the service failed to inform the defendant of the action within the time provided in these rules for service." The phrase "time provided in these rules" refers to the life of the summons. *Holliday v Townley*, 189 Mich App 424, 425-426; 473 NW2d 733 (1991). Although the court rule "forgives errors in the manner or content of service of process," "[i]t does not forgive a failure to serve process." *Id*. at 426; see also *In re Gordon Estate*, 222 Mich App 148, 157-158; 564 NW2d 497 (1997) ("[A] complete failure of service, e.g., failure to serve the summons with the complaint within the time for service, warrants dismissal for improper service of process.").

Plaintiff fails to explain how MCR 2.105(K)(3) would apply here, given the failure of service discussed above. See *Gordon Estate*, 222 Mich App at 157-158; *Holliday*, 189 Mich App at 426. Nothing in the record indicates that defendant received the summons and complaint that plaintiff mailed to the Apple Tree Inn, let alone within the life of the summons. Instead, the record only shows that: (1) defendant had dissolved roughly one year before plaintiff mailed the summons and complaint, a fact that was clearly displayed on the LARA webpage where plaintiff had obtained a mailing address for defendant in the first instance; and (2) Garcia received the documents while at the Apple Tree Inn—and, as discussed, there is nothing to show any relevant connection between Garcia and defendant. Nor is there anything to show that the mailed summons and complaint somehow otherwise made it to defendant within the relevant time frame. Defendant explained that Patel had moved back to India shortly after the corporation dissolved, and that defendant first became apprised of this action after the default was entered, when plaintiff's counsel sent a courtesy copy of the complaint and default to defendant's insurer at the time of the alleged incident. There is nothing in the record suggesting otherwise. Although plaintiff points to correspondence with that insurer about plaintiff's potential claim in 2021, while defendant was still extant, she fails to explain how this would provide actual notice of the instant lawsuit within the life of the summons, given that the suit was filed two years later and after defendant had

dissolved. The trial court therefore did not err by concluding that defendant did not have actual notice of the lawsuit.

## C. LACK OF JURISDICTION

Plaintiff next argues that the trial court erred by concluding that, under MCR 2.603(D)(1), defendant's motion to set aside the default was "grounded on lack of jurisdiction over" defendant and therefore defendant was not required to show "good cause" and "a meritorious defense" to secure that relief. As the trial court correctly recognized, however, and as our Supreme Court has made clear, the failure of service of process on which defendant's motion was based was jurisdictional in nature. See *Lawrence M Clarke, Inc v Richco Constr, Inc*, 489 Mich 265, 274; 803 NW2d 151 (2011) (explaining that "[a] court cannot adjudicate an in personam controversy without first having obtained jurisdiction over the defendant by service of process") (quotation marks, citation, alterations, and ellipsis omitted). Accordingly, because the trial court lacked jurisdiction over defendant when the default was entered and defendant's motion to set aside the default was premised on lack of jurisdiction, defendant was not required to demonstrate good cause and a meritorious defense for the trial court to grant its motion. See *id*.; MCR 2.603(D)(1).[4]

## D. AMENDMENT OF DEFECTIVE SERVICE OF PROCESS

Finally, plaintiff argues that, even if service of process was defective and the default was properly set aside, the trial court should have exercised its power under MCL 600.2301[5] to amend the service of process and allow this matter to proceed on its merits rather than dismissing it

---

[4] In arguing otherwise, plaintiff principally relies on *Tindle*, 346 Mich App 468, for support. This reliance, however, is misplaced. *Tindle* involved a motion to set aside a default judgment on the basis of deficient service. *Id*. at 473. While this Court analyzed whether the defendants had shown good cause and a meritorious defense in support of the motion, this Court was careful to explain that it did so only because of the peculiar factual circumstances of the case, including the defendants' failure to meaningfully argue lack of personal jurisdiction in the trial court or on appeal. See *id*. at 475 n 1. This Court did not suggest, let alone hold, that a motion to set aside a default for failure of service is not, as a general matter, "grounded on lack of jurisdiction" under MCR 2.603(D)(1), or that any such motion can only be granted if good cause and a meritorious defense are shown. To the contrary, and consistent with the discussion above, this Court recognized that "our Supreme Court has indicated that the failure to serve process is itself sufficient to warrant setting aside a default judgment." *Id*. at 476 n 2.

[5] MCL 600.2301 provides:

> The court in which any action or proceeding is pending, has power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as are just, at any time before judgment rendered therein. The court at every stage of the action or proceeding shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties.

without prejudice. Plaintiff, however, waived this argument by failing to raise it until her motion for reconsideration below. See *AAA Life Ins Co v Dep't of Treasury*, ___ Mich App ___, ___; ___ NW3d___ (2024) (Docket No. 365613); slip op at 9 (holding that "[i]ssues raised for the first time on reconsideration are not properly preserved for appellate review" and deemed to be waived). Nor, for that matter, do we see grounds to disrupt the trial court's rejection of that argument in denying plaintiff's motion for reconsideration. The trial court denied that motion pursuant to MCR 2.119(F)(3) for failure to "demonstrate a palpable error" warranting "a different disposition." Plaintiff did not raise this argument before the trial court entered its original order granting defendant's motion to set aside the default, despite having ample opportunity to do so, and we see "no abuse of discretion in denying a motion resting on a legal theory and facts which could have been pled or argued prior to the trial court's original order." *Wood v SLB Prop Mgt, LLC*, 277 Mich App 622, 630; 750 NW2d 228 (2008) (quotation marks and citation omitted).

Affirmed.

/s/ Philip P. Mariani
/s/ Allie Greenleaf Maldonado
/s/ Adrienne N. Young